UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN J. RUDE, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 2:06CV00037 ERW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Report and Recommendation of United States

Magistrate Judge Mary Ann L. Medler [doc. #15] pursuant to 28 U.S.C. § 636(b).

The Court notes that the Plaintiff has filed timely Objections to the Magistrate's Report

and Recommendation [doc. #16]. "[W]hen a party objects to the report and recommendation of a

magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo

review determination of those portions of the report or specified proposed findings or

recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600

(8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). Therefore, the Court will conduct a de novo

review of those portions of the Report to which the Plaintiff has objected.

**I. BACKGROUND**

Plaintiff filed an application for disability benefits on January 8, 2004, alleging a disability

onset date of July 26, 2003. Her application was denied on May 28, 2004. Plaintiff requested a

hearing which was held on November 15, 2005, before Administrative Law judge Robert G.

O'Blennis ("ALJ"). The ALJ issued a decision on February 23, 2006, finding that the Plaintiff

was not disabled.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision

on June 9, 2006, thus the decision of the ALJ is the final decision of the Commissioner.  Plaintiff

filed suit in federal court on June 22, 2006.  The case was referred to Magistrate Judge Mary Ann

Medler who issued a report and recommendation on July 10, 2007, recommending that the relief

sought by Plaintiff be denied.  Plaintiff filed objections to the Magistrate's Report and

Recommendations on July 13, 2007, as well as a request for oral arguments.[1]  Defendant's did not

file a response to Plaintiff's objections.

## II.  LEGAL STANDARD

As the Magistrate correctly stated, a reviewing court must affirm the Commissioner's

decision to deny disability benefits, "so long as it conforms to the law and is supported by

substantial evidence on the record as a whole." *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir.

2005) (internal quotation omitted).  "Substantial evidence is that which a reasonable mind might

accept as adequate to support a conclusion, whereas substantial evidence on the record as a whole

entails a more scrutinizing analysis." *Id.* (internal quotation omitted).  The review is more than

an examination of the record for substantial evidence in support of the Commissioner's decision; it

must also take into account whatever in the record detracts from the decision. *Id.*  However,

reversal is not warranted simply because substantial evidence would have supported another

conclusion. *Id.*

The Code of Federal Regulations states a five step sequential analysis that is to be

followed in determining whether a claimant is disabled.  20 C.F.R. §§ 416.920, 404.1529.  The

first step considers whether the applicant is currently engaged in substantial gainful activity, if so

---

[1]The Court does not believe that oral arguments are required in this case.  Plaintiff clearly
states her objections to the Magistrate Judge's Report and recommendation, and therefore the
Court will not be aided by a hearing on this matter.

then the claimant is found to be not disabled. 20 C.F.R. § 416.920(a)(4)(I). The second step

requires that the claimant suffers from a severe impairment. *Id.* at § 416.920(a)(4)(ii). "The

sequential evaluation process may be terminated at step two only when the claimant's impairment

or combination of impairments would have no more than a minimal impact on her ability to

work." *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001). The third step requires a

finding that the impairment is sufficiently severe that it meets or equals one of the impairments

listed in the regulation. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant has one of the impairments

listed, or the medical equivalent of such an impairment, then the inquiry ends and the claimant is

per se disabled. *Id.* If the claimant's impairment is not listed, or medically equivalent to a listed

impairment, then the claimant must show that the impairment prevents the claimant from

performing past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant can still do their

past relevant work, they are not disabled. *Id.* At the fourth step of the analysis, the burden is on

the claimant to show that their residual functioning capacity is insufficient to perform past relevant

work. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). If the claimant shows that

she is unable to perform past relevant work, then the burden of production shifts to the ALJ to

show that there are other jobs in the national economy which the claimant could perform. 20

C.F.R. § 416.920(a)(4)(v). If the claimant can perform other work, then they are not disabled.

*Id.*

## III. DISCUSSION

The Magistrate found that there was substantial evidence to support the ALJ's decision

that the Plaintiff had the Residual Functional Capacity ("RFC") to perform past relevant work,

and in the alternative, that Plaintiff had the RFC to perform other jobs in the economy. The

Plaintiff objected to the Magistrate's findings. Specifically, Plaintiff argues that the ALJ, and the

Magistrate Judge, failed to make specific findings, under step four of the five step inquiry, regarding the physical and mental requirements of Plaintiff's previous work experience; which Plaintiff argues is required in order to support a finding that Plaintiff has the RFC to perform past relevant work. Plaintiff also disputes the ALJ's alternate finding under step five, that Plaintiff could perform other jobs in the national economy; Plaintiff argues that the ALJ relies upon the vocational expert's testimony for its conclusion, however, she asserts that the vocational expert never explicitly answered whether a hypothetical person with Plaintiff's abilities could perform other jobs in the national economy, and therefore the conclusion was not based on substantial evidence. The Court will address each objection in turn.

### A. PAST RELEVANT WORK

Plaintiff's first argument attacks the ALJ's finding under the fourth step of the sequential analysis; it is therefore unnecessary to address the first three steps. Plaintiff argues that in order to end the inquiry at step four, the ALJ was required to make specific findings regarding the actual physical and mental demands of Plaintiff's prior work, that Plaintiff's RFC allowed her to meet those demands, and that the failure to make such findings requires this Court to reverse the decision of the Commissioner. (Pl. Brief in Support of Compl., 22). The Commissioner argues that the ALJ did make such findings; specifically, the Commissioner points to testimony, relied on by the ALJ, of the vocational expert who testified regarding Plaintiff's ability to perform certain light to medium jobs, including Plaintiff's past work as collator operator.

The Eighth Circuit has made it clear that in order to reach the conclusion that a claimant retains the RFC to perform past relevant work, "[t]he ALJ must specifically set forth the claimant's limitations, both physical and mental, and determine how these limitations affect the claimant's residual functional capacity." *Pfitzner v. Apfel*, 169 F.3d 566, 568 (8th Cir. 1999)

4

(citing *Groeper v. Sullivan*, 932 F.2d 1234, 1238-1239 (8th Cir. 1991)). Without specific

findings regarding a claimant's residual functional capacity and past work demands a court

"cannot say that substantial evidence supports the Commissioner's denial of benefits." *Pfitzner*,

169 F.3d 566, 569; *see also Groeper v. Sullivan*, 932 F.2d 1234, 1238 (8th Cir. 1991) ("The

decision as to whether the claimant retains the functional capacity to perform past work which has

current relevance has far-reaching implications and must be developed and explained fully in the

disability decision."). Furthermore, "[a]n ALJ's decision that a claimant can return to past work

must be based on more than conclusory statements." *Groeper*, 932 F.2d at 1238.

    The ALJ's decision was based on more than conclusory statements, and a review of the

record shows there is substantial evidence to support his conclusions. The ALJ relied upon the

vocational expert's testimony that Plaintiff could perform some of her past relevant work, two out

of the three jobs that Plaintiff held at Hollister, her last place of substantial employment.[2] This

conclusion was based on a hypothetical question that was posed to the vocational expert,[3] based

on the factual determinations made by the ALJ regarding Plaintiff's physical and mental

limitations. *See Wingert v. Brown*, 894 F.2d 296, 298 (8th Cir. 1989) ("As for the hypothetical

---

    [2]Plaintiff held a number of jobs for short periods of time in the end of 2003, which were not considered by the ALJ and are not considered by this Court, as they were not substantial within the definition of the statute. 20 C.F.R. § 416.920(a)(4)(I) ("if you are doing substantial gainful employment . . ..").

    [3]Both parties cite to the testimony of the vocational expert to support their respective positions. The Court notes that the questioning by the ALJ of the vocational expert is somewhat convoluted, and there are numerous times that the vocational expert's testimony is unresponsive to the ALJ's question. However, despite such inartfulness, when the vocational expert's testimony is read in conjunction with the ALJ's questions, it is clear that the vocational expert considered the hypothetical limitations in determining whether Plaintiff had the RFC to perform her past job of collator operator. Therefore, the Court finds that this testimony, in conjunction with the Plaintiff's own testimony that when she left Hollister, she could perform all the functions of her position, constitutes substantial evidence on the record as a whole.

posed to the vocational expert, it set forth all the impairments accepted as true by the ALJ, which

is sufficient . . ..").  The ALJ's hypothetical contained those limitations he believed credible, based

on Plaintiff's testimony, as well as the medical record.  The ALJ then relied upon the vocational

expert's testimony that a person with those limitations could perform the job of collator operator.

The vocational expert specifically testified that as Plaintiff had described the position, it

constituted a light job, and somebody with the hypothetical limitations outlined by the ALJ could

perform that job.

This case is distinguishable from *Pfitzner,* cited by Plaintiff; in that case the ALJ made no

findings regarding the claimant's residual functional capacity, or the requirements of the

claimant's past relevant work.  169 F.3d at 568-569.  In the case at bar, the ALJ did make specific

findings regarding Plaintiff's abilities, and whether those abilities would allow her to perform past

relevant work.  Furthermore, the ALJ specifically found that the vocational expert's testimony

supported this finding.  Plaintiff asserts that the ALJ failed to make specific findings regarding the

requirements of Plaintiff's prior position of collator operator.  The ALJ did not specifically list the

requirements of Plaintiff's prior job as collator operator, however he did ask the vocational expert

whether a hypothetical person with Plaintiff's credible limitations, could perform the job of

collator operator as described by the Plaintiff.  The ALJ testified that such a hypothetical person

could perform the job.  The ALJ then relied upon the vocational expert's testimony to support its

decision that Plaintiff could perform her past relevant work as collator operator.  The Court finds

that this is sufficient to satisfy the requirements listed by the Eighth Circuit in *Pfitzner*.  169 F.3d

at 568-569.  Therefore the Court finds that the Magistrate Judge's decision is correct, and the

ALJ's decision should be upheld, under step four of the five step analysis.

**B.  OTHER JOBS IN NATIONAL ECONOMY**

Although it is unnecessary to address the second basis for denying benefits, due to this Court's determination under step four of the analysis, the Court will briefly address it, since both the ALJ and the Magistrate Judge relied upon it as an alternate basis for the denial of benefits.[4] Plaintiff asserts that there is insufficient evidence in the record to support the ALJ and the Magistrate Judge's findings that other jobs existed in the economy that Plaintiff could perform. Specifically, Plaintiff argues that the vocational expert did not testify that Plaintiff, or someone with Plaintiff's limitations, could perform other jobs, but rather testified only to the number of light jobs available in the economy. The Commissioner responds that the ALJ posed a hypothetical question to the vocational expert, and that the vocational expert testified that numerous jobs existed that someone with Plaintiff's RFC could perform.

Step five of the five step analysis asks whether a person with Plaintiff's RFC and skills could perform jobs available in substantial numbers in the national economy. 20 C.F.R. § 419.920(g) ("If we find that you cannot do your past relevant work . . ., we will consider the same residual functional capacity assessment . . ., together with your vocation factors (your age, education, and work experience) to determine if you can make an adjustment to other work."). The regulations further state that "[a]ny other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country)." 20 C.F.R. § 416.960(c)(1). At this step of the analysis it is common for the ALJ to use a vocational expert to determine whether there are jobs in the economy that the claimant could perform, if not, the claimant is considered disabled.

_____

[4]Under *Lothridge*, the Court is required to make a *de novo* review only of those findings to which the Plaintiff objects and which are dispositive. 324 F.3d at 600. Therefore, as the first basis is dispositive, the second is unnecessary.

The Court again notes that the exchange which took place between the ALJ and the vocational expert is not entirely clear. However, the vocational expert did respond to the ALJ regarding other light jobs that were available in the state of Missouri, that someone with Plaintiff's RFC could perform.[5] The RFC was based on the ALJ's determination of Plaintiff's credible limitations. *See Gilbert v. Apfel*, 175 F.3d 602, 604 (8th Cir. 1993) ("[A]n ALJ must include all impairments he finds supported by the administrative record."). Although Plaintiff is correct that the ALJ added some restrictions above what would normally be considered light work, there is no evidence in the record that the vocational expert did not take these factors into account when testifying to the availability of other light work.

Furthermore, the Court finds that the ALJ's credibility determination, which led to the composition of the hypothetical question posed, was reasonable. Plaintiff points out that as part of the credibility determination, the ALJ should have considered that Plaintiff was working full time at the alleged onset date of her disability and that she left that position due to pain. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (1984). The Court agrees with Plaintiff that her credibility was bolstered by the fact that she left her previous past relevant work due to pain and illness; however, this was considered by the ALJ, and found insufficient to outweigh those factors which detracted from Plaintiff's credibility. The ALJ pointed to a number of factors that detracted from Plaintiff's credibility regarding disabling pain: first, that Plaintiff testified she was able to perform all of the functions of her position when she left; second, her treating physician's notes which stated Plaintiff was cleared for employment, after the alleged disability on set date; third, Plaintiff's level

---

[5]The Code of Federal Regulations describe the national economy as either the region where the applicant lives, or an assessment of several regions in the country. 20 C.F.R. § 416.960(c)(1). Therefore, it was appropriate for the vocational expert to look at jobs in the State of Missouri, where the Plaintiff resides.

of daily activities; and fourth, the effectiveness of medication and support hoes for her medical conditions.[6] All of these were valid considerations by the ALJ in determining Plaintiff's credibility regarding disabling pain. This credibility determination formed the basis of the ALJ's finding of RFC which in turn formed the basis of the ALJ's hypothetical, posed to the vocational expert. Therefore, there is substantial evidence on the record as a whole to support the ALJ's determination that under step five, Plaintiff could perform other jobs in the national economy.

## IV. CONCLUSION

The Court finds that the report and recommendation of the Magistrate Judge addresses the issues raised by Plaintiff, and is therefore adopted by the Court. The Plaintiff has failed to show that the ALJ did not consider the physical and mental demands of Plaintiff's prior relevant work, nor has she shown that the record is insufficient to support a finding that Plaintiff could perform other jobs available in the national economy. Although the ALJ's questioning was inartful, it extracted the requisite testimony from the vocational expert to form the basis of the ALJ's determination that Plaintiff could perform past relevant work, and other work available in the economy. Therefore the decision of the Commissioner is affirmed.

Accordingly,

---

[6]These factors largely mirror the factors dictated by the Eighth Circuit in *Polaski*, for the ALJ to consider in making a credibility determination. 739 F.2d at 1322. Specifically, the Eighth Circuit stated that:

> [t]he adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: 1. the claimant's daily activities; 2. the duration, frequency and intensity of the pain; 3. precipitating and aggravating factors; 4. dosage, effectiveness and side effects of medication; 5. functional restrictions.

*Id.* These factors were clearly considered by the ALJ, and were used in determining the Plaintiff's RFC.

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the relief requested by Plaintiff's Social Security Brief

[doc. #12] is **DENIED.**

Dated this <u>7th</u> Day of <u>September</u>, 2007.


_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE